UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS B. RIOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAUL MORALEZ,<br><br>　　　　　Defendant. | No.  1:25-cv-00456-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1) |

Plaintiff is proceeding pro se and in forma pauperis n this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed March 3, 2025.  The case was transferred to the undersigned on October 3, 2025.  (ECF No. 13.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II.

## ALLEGATIONS OF COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the screening requirement under 28 U.S.C. § 1915.

On September 20, 2024, Plaintiff was awarded his property to be returned to him that was lost by the California Department of Corrections and Rehabilitation (CDCR).  After constant attempts to have his property returned, CDCR has refused to follow the order of grievance department.  Plaintiff's family provided him with the property items and now after a long and exhausting wait he is forced to file a civil action.

///

///

**III.**

**DISCUSSION**

**A.      Property Deprivation**

The negligent or intentional but unauthorized deprivation of property by a person acting under color of state law does not constitute a violation of the procedural requirements of the Due Process Clause if a meaningful state post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zinermon v. Burch, 494 U.S. 113, 129-32 (1990). Thus, where a state provides adequate post-deprivation remedies for random, unauthorized deprivations of liberty or property, a section 1983 cause of action will not exist. See King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); see also Willoughby v. Luster, 717 F. Supp. 1439, 1443 (D. Nev. 1989) ("[W]here a state provides adequate post-deprivation remedies for the intentional or negligent deprivation of property, a § 1983 claim alleging a violation of due process of law will not lie"). "[B]y providing the plaintiff with adequate means for seeking redress of his loss, the state has provided 'due process of law.' " Willoughby, 717 F. Supp. at 1443 (citations omitted).  And the Ninth Circuit has expressly held that California provides an adequate post-deprivation state remedy for the unauthorized taking of property through the California Government Claims Act, thus barring a section 1983 due process challenge. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895); see also Stribling v. Wilson, 770 F. App'x 829, 830 (9th Cir. 2019) ("The district court properly dismissed Stribling's Fourteenth Amendment due process claim because Stribling failed to allege facts sufficient to show that a meaningful post-deprivation remedy was unavailable to him.").

Plaintiff alleges CDCR has intentionally failed to deliver his property.  However, these facts allege a negligent or unauthorized deprivation of his property.  Because the deprivation of Plaintiff's property is a negligent or unauthorized intentional deprivation and California provides an adequate post-deprivation remedy, Plaintiff cannot state an actionable due process claim. Granting Plaintiff leave to amend this claim would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile").

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 3, 2026**                 _____

STANLEY A. BOONE
United States Magistrate Judge

4