**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS B. RIOS, | No.  1:25-cv-0456 KES SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE |
| v. | |
| RAUL MORALEZ, | |
| Defendant. | Doc. 15 |

Travis Rios asserts that the California Department of Corrections and Rehabilitation lost his personal property, and that it was not returned to him despite many attempts to obtain the property.  Rios seeks to hold Raul Moralez liable under 42 U.S.C. § 1983 for a violation of due process related to the deprivation of his property.  *See generally* Doc. 1.

The magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A(a) and observed that "[t]he negligent or intentional but unauthorized deprivation of property by a person acting under color of state law does not constitute a violation of the procedural requirements of the Due Process Clause if a meaningful state post-deprivation remedy is available."  Doc. 15 at 3. The magistrate judge noted, "the Ninth Circuit has expressly held that California provides an adequate post-deprivation state remedy for the unauthorized taking of property through the California Government Claims Act, thus barring a section 1983 due process challenge."  *Id.* (citing *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994)).  The magistrate judge found that

1

"[b]ecause the deprivation of Plaintiff's property is a negligent or unauthorized intentional deprivation and California provides an adequate post-deprivation remedy, Plaintiff cannot state an actionable due process claim." *Id.* The magistrate judge found leave to amend was futile, and recommended dismissal "for failure to state a cognizable claim for relief." *Id.* at 3-4.

On February 3, 2026, the court served the findings and recommendations upon Plaintiff and notified him that any objections were due within 14 days. Doc. 15 at 4. The court also informed Plaintiff that failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014)). Plaintiff did not file objections, and the deadline to do so expired.

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of the case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and by proper analysis. The court **ORDERS**:

1.    The findings and recommendations issued on February 3, 2026 (Doc. 15) are **ADOPTED** in full.

2.    This complaint is **DISMISSED** for failure to state a claim, without leave to amend.

3.    The action is **DISMISSED** without prejudice to Plaintiff bringing a claim related to the deprivation of his property under the California Government Claims Act.

4.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    March 14, 2026

UNITED STATES DISTRICT JUDGE

2